**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Larry JOHNSON, dba Johnson Farms,**
**et al., Defendant—Appellant.**

**United States of America,**
**Plaintiff—Appellant,**

v.

**Larry JOHNSON, dba AG Wise**
**Inc., and Johnson Farms,**
**Defendant—Appellee.**

**Nos. 01–30260, 01–30272.**
**D.C. Nos. CR–99–00072–MRH–**
**01, CR–99–00072–MRH.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 8, 2002.

Decided May 13, 2002.

Before RYMER, McKEOWN, and GOULD, Circuit Judges.

### MEMORANDUM *

Defendant Larry Johnson appeals his convictions for conspiracy and money laundering in a scheme to smuggle Canadian Roundup into the United States for unlawful distribution.

Johnson asserts that evidence of foreign drafts should have been suppressed. He complains that the drafts were discovered in a search of his property that the district court found illegal. However, the bank that issued the drafts was identified in a search of Ag Chem that Johnson does not have standing to contest. With the name of Johnson's bank, the government was certain to discover the foreign drafts. Because of inevitable discovery, Johnson's challenge to the admissibility of the drafts fails.

---

The foreign drafts were relevant to the alleged conspiracy and money laundering, the government provided a proper foundation for them, and the district court did not abuse its discretion in admitting the drafts into evidence.

The district court also properly denied Johnson's motion to acquit on the money laundering counts. The extensive circumstantial evidence that Johnson purchased Canadian Roundup with the drafts was more than sufficient to convict, and gives adequate support to the jury's verdict.

We reverse the district court's reduction of sentence under U.S.S.G. § 3E1.1(a) for acceptance of responsibility. Johnson did not accept responsibility for the crimes charged in the indictment. He denied at sentencing that he participated in the smuggling with which he was charged, and that was a key element of the indictment. The court could not properly find acceptance of responsibility in the face of Johnson's denial that he brought contraband across the border.

The government's cross-appeal on the four-month sentence is moot in light of reversal on the acceptance of responsibility adjustment.

AFFIRMED IN PART. REVERSED IN PART. VACATED AND REMANDED.

UNITED STATES of America, Plaintiff—Appellee,

v.

J.D.B., Jr., Juvenile, Defendant—Appellant.

No. 01–30353.

D.C. No. CR–01–00065–GF/SEH.

United States Court of Appeals, Ninth Circuit.

Submitted May 8, 2002.*

Decided May 13, 2002.

Before RYMER, McKEOWN, and GOULD, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.